Roberto H. Todd, Peticionario-apelado, *v.* Asamblea Municipal de San Juan, recurrida y apelante.

No. 4769.—*Sometido:* Noviembre 19, 1928. *Resuelto:* Enero 18, 1929.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Roberto H. Todd, Alcalde de la ciudad de San Juan, radicó en la corte del distrito una petición de *certiorari* contra la asamblea municipal. El auto fué expedido y el procedimiento resuelto.

No conforme Todd con la resolución de la corte tal como fué dictada, apeló, y como la Asamblea Municipal de San Juan continuara contra él el procedimiento de *impeachment* que intentó anular mediante el *certiorari,* solicitó de la Corte Suprema una orden de *supersedeas* para hacer efectivo su recurso de apelación.

La Corte Suprema se encontraba en vacaciones y la solicitud fué considerada y resuelta por el juez que permanece siempre al frente de la corte durante sus recesos, en sentido favorable al alcalde.

No conforme la asamblea estableció recurso de apelación para ante el Tribunal Supremo de la resolución del juez de turno concediendo el *supersedeas,* archivando al efecto una transcripción que se compone de copias de los siguientes documentos: moción solicitando auto de *supersedeas,* moción para que se desestime de plano la solicitud de *supersedeas,* oposición a la moción de *supersedeas,* opinión del juez de turno del Tribunal Supremo, resolución o sentencia, escrito de apelación.

Así las cosas, Todd ha solicitado que se desestime la apelación interpuesta porque no está autorizada por la ley y porque en todo caso la transcripción no es completa.

Las apelaciones para ante el Tribunal Supremo en general constan reguladas en los Códigos de Enjuiciamiento Civil y Criminal y ninguno de sus preceptos autoriza expresamente la establecida en el presente caso.

Existen otros preceptos que también se refieren a apelaciones pero que tampoco expresamente autorizan la interpuesta aquí. Sólo hemos podido encontrar una apelación de la resolución de uno de los jueces del Tribunal Supremo para ante el propio tribunal regulada por la ley. Nos referimos a los casos de *habeas curpus.* (Comp. 1911, secciones

6547 y siguientes.) En tales casos el juez del Tribunal Supremo que conoce originalmente de la solicitud de *habeas corpus*, no actúa como juez de turno, no representa al tribunal. Interviene en ejercicio de facultades expresamente concedídasle por la ley en su carácter de juez, y es natural que exista el recurso de apelación para ante el tribunal.

No es que sostengamos que no se pueda someter al Tribunal Supremo la cuestión que se sometiere durante el receso al juez de turno y que éste resuelva. Al contrario, sostenemos que existe tan estrecha relación entre el juez de turno y el tribunal que no se necesita para ello de una apelación con todas sus formalidades, bastando una simple moción presentada en el mismo procedimiento.

La cuestión de hasta dónde alcanzan las facultades del juez que queda al frente de la corte cuando ésta se encuentra en receso, está siendo ampliamente estudiada y será resuelta en otro recurso que pende ante nosotros relacionado con este mismo asunto.

Lo único que aquí resolvemos es que no existe el recurso ordinario de apelación de una resolución del juez de turno para ante el Tribunal Supremo, y como ése es el recurso que aquí se ha establecido, *debe declararse con lugar la moción y en su consecuencia desestimarse la apelación interpuesta.*

El Juez Asociado señor Texidor no intervino.